IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
ZURICH AMERICAN INSURANCE COMPANY, )
et al.,                            )
                                   )
               Plaintiffs,         )
                                   )
     v.                            )   No.  07 C 6087
                                   )
CLARENDON AMERICA INSURANCE        )
COMPANY, et al.,                   )
                                   )
               Defendants.         )
```

## MEMORANDUM ORDER

Zurich American Insurance Company ("Zurich") and Calumet Transload Railroad, LLC f/k/a Calumet Transfer, LLC ("Calumet") have just filed a Complaint against Clarendon America Insurance Company ("Clarendon") and Salrecon, LLC ("Salrecon"), purporting to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte because Zurich-Calumet counsel have missed the boat in jurisdictional terms.

Three of the four parties have not been properly identified in terms of their respective states of citizenship for diversity purposes:

1. Complaint ¶3 identifies only Zurich's New York state of incorporation, but not its principal place of business as required by 28 U.S.C. §1332(c)(1).

2. Both Complaint ¶4 as to Calumet and Complaint ¶6 as to Salrecon incorrectly address their respective states of

citizenship, as though they were corporations subject to the requirements of the just-cited section of Title 28. But it has been established for some years as to LLCs that (see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006)):

> The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.

Unless the Zurich-Calumet counsel were to cure those deficiencies by an appropriate amendment to the Complaint (not a self-contained Amended Complaint, which would unnecessarily add bulk to the pleadings) on or before November 13, 2007, this Court will be constrained to dismiss this action for lack of subject matter jurisdiction. But in the hope that the defects identified here are curable, this Court is concurrently entering its usual initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 29, 2007